# United States Court of Appeals for the Federal Circuit

---

**RATES TECHNOLOGY, INC.,**
*Plaintiff,*

AND

**JAMES B. HICKS,**
*Plaintiff-Appellant,*

v.

**MEDIATRIX TELECOM, INC., AND
MEDIA5 CORPORATION,**
*Defendants-Appellees,*

AND

**BURKE, WILLIAMS & SORENSEN, LLP,**
*Defendant.*

---

2011-1384

---

Appeal from the United States District Court for the Eastern District of New York in Case No. 05-CV-2755, Judge Joanna Seybert.

---

Decided: July 26, 2012

---

JAMES B. HICKS, Hicks Parks, LLP, of Los Angeles, California, argued for plaintiff-appellant.

ADAM M. CONRAD, King & Spalding LLP, of Charlotte, North Carolina, argued for defendants-appellees. With him on the brief were ETHAN HORWITZ, of New York, New York; and DARYL L. JOSEFFER, of Washington, DC.

---

Before BRYSON, DYK, and MOORE, *Circuit Judges*.

BRYSON, *Circuit Judge*.

This appeal arises from the imposition of discovery sanctions against James B. Hicks. Mr. Hicks was the lead attorney for Rates Technology, Inc. ("RTI"), the plaintiff in a patent infringement action. The two patents in suit relate to systems for minimizing the cost of placing long-distance telephone calls. The defendants, Mediatrix Telecom, Inc., and Media5 Corporation (collectively, "Mediatrix"), manufacture and sell equipment that modifies existing telephone systems to convert them to voice-over-Internet-protocol ("VoIP") systems. Over the course of the litigation, RTI was ordered on four separate occasions to respond to a specific contention interrogatory propounded by Mediatrix. A magistrate judge determined that RTI never adequately responded to the interrogatory, despite the court's repeated orders to do so, and that the failure to comply with the court's orders was willful. Accordingly, the magistrate judge recommended dismissing the case and imposing monetary sanctions against Mr. Hicks and RTI in the amount of $86,965.81, to be split evenly between them. The district court adopted the recommendation. Mr. Hicks now appeals the monetary sanctions imposed against him. RTI did not appeal the order dismissing the action or the award of monetary sanctions against it. We affirm.

I

RTI sued Mediatrix on June 8, 2005, alleging infringement of U.S. Patents No. 5,425,085 and No. 5,519,769. Because the basis for RTI's allegations of patent infringement was unclear to Mediatrix, Mediatrix requested and obtained permission for early, limited discovery. Specifically, it obtained permission to propound three interrogatories seeking RTI's theory of infringement. Interrogatory no. 3 requested the following:

> Separately for each claim of the Patents-in-suit that [RTI] contends is infringed, state the basis for that contention, including without limitation, identification on an element-by-element basis of the component, structure, feature, functionality, method or process of each accused Mediatrix product that allegedly satisfies each element.

On November 4, 2005, a magistrate judge ordered RTI to respond to that interrogatory by December 19, 2005. RTI failed to provide a meaningful response. On January 10, 2006, the magistrate judge again ordered RTI to respond to the interrogatory. On March 16, 2006, Mediatrix was ordered to provide discovery to RTI to assist RTI in responding to the interrogatory. RTI's discovery requests included requests for production of all "technical documents" and documents describing the capability of "rout[ing] telephone calls using VoIP or non-VoIP," as well as requests relating to other technical aspects of the accused products. A Minute Entry and Order entered on March 17, 2006, noted that RTI would have ten days from the service of Mediatrix's discovery responses "to make any objections in writing to [Mediatrix]."

On April 17, 2006, Mediatrix produced documents to RTI. The magistrate judge described the production as "extensive" and noted that it included "thousands of pages of technical drawings and other documents." RTI did not object to the production within the ten days allowed by the magistrate judge for objections. Nonetheless, RTI failed to produce a meaningful response to Mediatrix's contention interrogatories. Consequently, on July 24, 2006, the magistrate judge for a third time ordered RTI to respond to Mediatrix's interrogatory no. 3.

Almost five months after Mediatrix's April 17, 2006, production, RTI for the first time objected to Mediatrix's production. In a letter to the court, RTI complained that Mediatrix had produced primarily product manuals rather than schematics. RTI also sought leave to serve additional interrogatories on Mediatrix. Specifically, it sought leave to file interrogatory nos. 26-30, which is more than the 25 allowed by Fed. R. Civ. P. 33(a)(1). Interrogatory nos. 26-30 sought specific information about the functioning of Mediatrix's products, such as whether "a call-routing selection decision is made after the telephone call is dialed, and if so, . . . how the call is routed and how the call-routing selection decision is made." RTI later claimed that responses to the requested interrogatories were necessary for RTI to respond to Mediatrix's contention interrogatories.

Mediatrix opposed RTI's attempt to propound interrogatory nos. 26-30, arguing that RTI had failed to meet and confer, that RTI had made misrepresentations to the court about the meet-and-confer process, that RTI had provided no reasonable justification for the court to allow additional interrogatories beyond the 25 allowed by the Federal Rules of Civil Procedure, and that RTI should have been able to provide adequate responses to Media-

trix's contention interrogatories based on Mediatrix's April 17, 2006, production.

On September 5, 2007, the magistrate judge for a fourth time ordered RTI to respond to Mediatrix's contention interrogatories. The magistrate judge stated that based on the information in RTI's possession, including the discovery previously produced by the defendants, RTI "should be able to make an element-by-element claim construction analysis at this point." The court warned Mr. Hicks and RTI "that this is indeed the last opportunity to comply with the directives of this Court and Plaintiff proceeds at its own peril. If a full and complete response is not provided to [Mediatrix] with respect to Interrogatory No. 3, I shall recommend . . . that this matter be dismissed . . . ."

On September 27, 2007, RTI served a supplemental discovery response on Mediatrix. Once again, however, the magistrate judge found the response to be inadequate. As an illustration of the inadequacy of the response, the magistrate judge characterized an email sent on September 27, 2007, by RTI's counsel to Mediatrix's counsel as follows: "Plaintiff's position as reflected in the email regarding the '769 patent was that it did not currently contend that Defendants infringed any particular claim of that patent, but nonetheless infringed the patent as a whole." Mediatrix subsequently moved for sanctions, seeking dismissal of the suit and attorney's fees.

On March 31, 2008, the magistrate judge filed a report and recommendation agreeing with Mediatrix that the case should be dismissed. Based on the "pattern of dilatory behavior," she concluded that RTI's failure to comply with its discovery obligations and the orders of the court was willful. She further concluded that RTI's

"continued non-compliance" and its "inability to spell out an appropriate basis for charging Defendants with infringement nearly three years into this litigation indeed highlights [RTI's] willfulness." In addition, the magistrate judge found that the prefiling inquiry conducted by RTI and Mr. Hicks "was not reasonable nor was it made in good faith." On the same day, the magistrate judge denied RTI's motion for leave to serve interrogatory nos. 26-30, explaining that she was denying the motion in light of her recommendation that the case be dismissed.

In a supplemental report and recommendation, the magistrate judge assessed attorney's fees equally against RTI and Mr. Hicks. The magistrate judge applied Rule 37(b)(2)(C) of the Federal Rules of Civil Procedure, which provides that in addition to litigation sanctions for disobeying a discovery order, the court "must order the disobedient party, the attorney advising that party, or both to pay the reasonable expenses, including attorney's fees, caused by the failure unless the failure was substantially justified or other circumstances make an award of expenses unjust." In light of the language of the rule, the magistrate judge stated that the sanctions motion that was brought under Rule 37(b) put counsel on notice that he was subject to monetary sanctions if the court should find a violation.

On January 5, 2010, the district court entered an order adopting the magistrate judge's recommendation in its entirety. In response to Mr. Hicks's objections to the sanctions award, the court explained that imposing a monetary sanction on an attorney is justified when the court determines that a party and its counsel are equally responsible for the failure to obey court orders. In this case, the court ruled, "the conduct of [RTI] and its counsel in failing to comply with Orders and provide an adequate

basis for infringement was egregious enough to warrant an equal split in costs" between RTI and Mr. Hicks. In response to Mr. Hicks's request for reconsideration, the district court reiterated that "Plaintiff and Hicks were both responsible for the sanctionable conduct."

On appeal, Mr. Hicks argues that he should not be sanctioned for failing to provide information not within his possession, that he should not be sanctioned because he did not personally violate any discovery orders, that the sanctions award violates due process, and that the district court improperly refused to hear oral argument on the motion for sanctions. Because we are not persuaded by any of Mr. Hicks's arguments, we affirm the sanctions imposed by the district court against him.

II

"The discovery provisions of the Federal Rules of Civil Procedure are designed to achieve disclosure of all the evidence relevant to the merits of a controversy." *Daval Steel Prods. v. M/V Fakredine*, 951 F.2d 1357, 1365 (2d Cir. 1991) (internal quotation marks omitted). "When a party seeks to frustrate this design by disobeying discovery orders, thereby preventing disclosure of facts essential to an adjudication on the merits, severe sanctions are appropriate." *Id.*

Mr. Hicks cites various authorities for the legal proposition that he cannot be sanctioned for failing to produce information not within his possession and that to do so would violate his due process rights. *See, e.g., Cornell Research Found., Inc. v. Hewlett-Packard Co.*, No. 5:01-cv-1974, 2006 WL 5097357, at *23 (N.D.N.Y. Nov. 13, 2006); *see also Satcorp Int'l Grp. v. China Nat'l Silk Imp. & Exp. Corp.*, 101 F.3d 3, 6 (2d Cir. 1996). As an

initial matter, all of the cases cited by Mr. Hicks involved fact interrogatories, whereas the interrogatories at issue in this case were contention interrogatories that simply asked Mr. Hicks for RTI's theory of infringement.  But even accepting Mr. Hicks's assertion that the category of "information not within his possession" can reasonably be said to include responses to contention interrogatories, Mr. Hicks has failed to show any error in the court's sanctions order, because the magistrate judge found that RTI and Mr. Hicks *did* have the information necessary to respond to Mediatrix's interrogatories yet repeatedly and willfully failed to provide adequate responses.  As noted above, on April 17, 2006, Mediatrix produced thousands of pages of technical drawings and other documents to RTI. RTI did not file any objections to that production during the 10 days the court allowed for it to do so.  By the time RTI did complain about Mediatrix's production, nearly five months later, the time to object had long since passed.  In any event, the magistrate judge found that the discovery produced by Mediatrix was "substantial" and that it enabled RTI "to make an element-by-element claim construction analysis" with respect to interrogatory no. 3. Mr. Hicks has not even attempted to show that the magistrate judge's finding on that point was erroneous.

Accordingly, we reject Mr. Hicks's assertion that he was improperly sanctioned for failing to produce information that he did not have.  The district court sanctioned Mr. Hicks for willfully failing to respond to Mediatrix's contention interrogatories despite possessing sufficient information to do so.  Because the court found that he had sufficient information to respond to interrogatory no. 3, we reject Mr. Hicks's argument that sanctioning him for failing to produce information not within his possession violated his due process rights.

We likewise reject Mr. Hicks's argument that he was denied adequate notice of the possibility that sanctions would be imposed. The record shows that Mr. Hicks was put on clear notice of the possibility that the court would impose sanctions if he did not comply with the court's directives. On July 24, 2006, the magistrate judge stated, "It should be noted that this is Plaintiff's *final* opportunity to comply with this Court's orders and the rules of discovery. Should Plaintiff fail to do so, the Court will fashion an appropriate remedy" (emphasis in original). And on September 5, 2007, after ordering Mr. Hicks for a fourth time to provide an adequate response to Mediatrix's contention interrogatory, the magistrate judge warned Mr. Hicks "that this is indeed the last opportunity to comply with the directives of this Court and Plaintiff proceeds at its own peril. If a full and complete response is not provided to [Mediatrix] with respect to Interrogatory No. 3, I shall recommend . . . that this matter be dismissed . . . ."

The magistrate judge noted that the motion for sanctions under Rule 37(b) necessarily placed Mr. Hicks on notice of the possibility that, as counsel for the sanctioned party, he would be subject to a personal monetary sanction. We agree. Because Rule 37(b)(2)(C) provides that absent a valid excuse a monetary sanction will be imposed for discovery violations on "the disobedient party, the attorney advising the party, or both," Mr. Hicks had clear notice that any monetary sanction issued by the court could extend to him.[1]

---

[1] Mr. Hicks argues in passing that the sanctions order violated due process because Mediatrix violated its obligations to meet and confer about the motion for sanctions. The district court addressed that issue, specifically finding that the parties did meet and confer, and that Mr.

To the extent Mr. Hicks argues that the magistrate judge abused her discretion in denying his motion for leave to serve interrogatory nos. 26-30, we disagree. Although the magistrate judge denied the motion on the ground that she was simultaneously recommending that the case be dismissed, the record reveals several other sound reasons justifying the magistrate judge's ruling. The Federal Rules of Civil Procedure allow each party to serve 25 interrogatories. Fed. R. Civ. P. 33(a)(1). RTI provided no persuasive explanation as to why it needed to serve more than 25 interrogatories, and the record shows that RTI should have been able to answer Mediatrix's pending contention interrogatories without serving additional discovery requests. For that reason alone, the magistrate judge's denial of RTI's motion was justified.

Mr. Hicks also argues that he cannot be sanctioned because he did not personally violate a discovery order or advise his client to do so. His position on this point seems to have two elements. First, he argues that he could not personally be responsible for any discovery violation because he could not produce information that he did not have. We have already considered and rejected that argument. Second, Mr. Hicks tries to shift the blame for the production failures to Robert Epstein, whom Mr. Hicks describes as "RTI's patent counsel." Mr. Hicks argues that, "[a]s a business litigator, Hicks was entitled to rely on the plaintiff's patent counsel's analysis." It is unclear exactly what role Mr. Epstein played in this case, but he is not listed as counsel for RTI on the district

Hicks acknowledged as much in the October 24, 2007, hearing before the magistrate judge. To the extent that Mr. Hicks's argument is that the parties did not discuss the possibility of monetary sanctions against him personally, that argument fails for the same reason as his claim of lack of notice of personal sanctions against him.

court's docket sheet.  Rather, Mr. Hicks is listed as "lead attorney."  As lead counsel for RTI, Mr. Hicks had a duty to comply with the district court's orders, which he failed to do—a failure that the magistrate judge characterized as willful.  Therefore, we reject Mr. Hicks's attempt to shift the blame for the discovery abuses to Mr. Epstein. As for his claimed lack of culpability, the district court flatly rejected that argument, ruling that his conduct as counsel for RTI in the discovery process was "egregious," and that RTI and Mr. Hicks "were both responsible for the sanctionable conduct."

Finally, Mr. Hicks argues that the magistrate judge and the district court abused their discretion in failing to grant him the opportunity for oral argument on the motion for sanctions. We disagree. Aside from his opportunity to address the sanctions issue in written submissions, Mr. Hicks had an opportunity to discuss the sanctions motion at a hearing on October 24, 2007. Although the hearing dealt with several matters, both parties were able to, and did, address the sanctions motion at that time.  Under Second Circuit law, which applies to this non-patent issue arising from a district court in that circuit, there is no general right to make an oral presentation in civil matters, even on dispositive motions. *See Dotson v. Griesa*, 398 F.3d 156, 159 (2d Cir. 2005); *AD/SAT v. Associated Press*, 181 F.3d 216, 226 (2d Cir. 1999); *Greene v. WCI Holdings Corp.*, 136 F.3d 313, 315 (2d Cir. 1998) (citing numerous cases).  With respect to sanctions, "due process requires that courts provide notice and opportunity to be heard." *In re 60 East 80th Street Equities, Inc.*, 218 F.3d 109, 117 (2d Cir. 2000). However, "a full evidentiary hearing is not required; the opportunity to respond by brief or oral argument may suffice." *Id.*; *see also Schlaifer Nance & Co. v. Estate of Warhol*, 194 F.3d 323, 335 (2d Cir. 1999) ("We have

acknowledged that the opportunity to submit written briefs may be sufficient to provide an opportunity to be heard."). In this case, Mr. Hicks had the opportunity to respond both orally and with written briefs.

Moreover, the issues on which Mr. Hicks claims he needed to make an oral presentation had already been addressed in previous proceedings before the court. There were several status conferences and hearings on motions to compel during which RTI's responses to Mediatrix's contention interrogatories were discussed. And Mr. Hicks had repeatedly been warned by the magistrate judge that sanctions would be imposed if he did not adequately respond to interrogatory no. 3. Under these circumstances, there was no need for another hearing on the issue of Mr. Hicks's claim that he was justified in failing to submit an adequate response to Mediatrix's contention interrogatories. Accordingly, Mr. Hicks is not entitled to relief on that basis.

As set forth above, Mr. Hicks has not provided any plausible basis for reversing the district court's sanctions order. The heart of his argument is that he should not be sanctioned for failing to provide information that he did not have. But he ignores the magistrate judge's express finding that he had sufficient information to comply with her orders, and that to the extent he lacked information it was because he "failed to take the most basic steps needed to fulfill [RTI's] discovery obligations." Accordingly, the imposition of sanctions was not an abuse of discretion or otherwise erroneous.

\*  \*  \*  \*  \*

On a separate matter, we note that Mr. Hicks's brief on appeal to this court contained several statements that

were misleading or improper.  One of the headings in Mr. Hicks's brief reads, "Both the Magistrate and the District Court Found that RTI's and its Litigation Counsel Hicks' Pre-Filing Investigation Was Sufficient."  It is true that the magistrate judge recommended denying Rule 11 sanctions and instead recommended imposing sanctions under Rule 37.  In her final report and recommendation, however, she concluded that the prefiling inquiry conducted by RTI and Mr. Hicks "was not reasonable nor was it made in good faith."  The district court adopted the magistrate judge's report and recommendation in its entirety.  It is thus clear that, contrary to Mr. Hicks's representation in his brief, neither the magistrate judge nor the district court ultimately found that RTI's or Mr. Hicks's prefiling investigation was "sufficient."

Mr. Hicks also stated in his brief that this court had previously held RTI's prefiling investigation process to be adequate.  In discussing RTI's prefiling investigation, Mr. Hicks cited *Rates Technology Inc. v. Tele-Flex Systems, Inc.*, No. 00-1184, 2000 WL 1807411 (Fed. Cir. Dec. 8, 2000), a case involving different defendants and different patents in which RTI's and Mr. Hicks's prefiling investigation was questioned.  In referring to this court's decision in that case, Mr. Hicks cited the case as follows: "*See Rates Technology Inc. v. Tele-Flex Systems*, 251 F.3d 170 (Fed. Cir. 2000)."  He failed to note, however, that the disposition was a summary nonprecedential order issued under Rule 36 of the rules of this court.  Citing that case and comparing the prefiling investigation done there to what was done here, Mr. Hicks stated, "[t]his Circuit held that was a fully adequate pre-litigation investigation," and added that "RTI's pre-filing investigation process [was] approved in the *RTI v. Tele-Flex* case."  After describing RTI's prefiling investigation in this case, he concluded, in boldfaced and underlined font, referring to

the pre-filing investigation in the present case, "[t]his is a fully adequate pre-litigation examination, under applicable Federal Circuit law." Immediately following that statement, he cited the 2000 *RTI v. Tele-Flex* case again, but again without noting that it was a nonprecedential order issued under Rule 36.

Rule 36 allows us to "enter a judgment of affirmance without opinion" under certain circumstances. Since there is no opinion, a Rule 36 judgment simply confirms that the trial court entered the correct judgment. It does not endorse or reject any specific part of the trial court's reasoning. In addition, a judgment entered under Rule 36 has no precedential value and cannot establish "applicable Federal Circuit law." *See, e.g., U.S. Surgical Corp. v. Ethicon, Inc.*, 103 F.3d 1554, 1556 (Fed. Cir. 1997). It is therefore not correct to say, as Mr. Hicks did here, that our previous Rule 36 judgment held that his actions in the *RTI v. Tele-Flex* case constituted "a fully adequate pre-litigation examination." Moreover, while nonprecedential decisions of this court issued after January 1, 2007, may be cited in briefs to this court, *see* Fed. Cir. R. 32.1, the Rule 36 disposition in this case was from 2000. It is inappropriate to cite Rule 36 dispositions of this court as establishing circuit precedent except to the extent that the citation is in support of a claim of "claim preclusion, issue preclusion, judicial estoppel, law of the case, and the like," Fed. Cir. R. 32.1(c), which was not the case here. While we disapprove of those aspects of Mr. Hicks's brief, we have not taken those matters into account in deciding the merits of this case.

**AFFIRMED**