REYNA, Circuit Judge,
dissenting.
This case raises an important issue concerning the court’s practice of issuing judgments pursuant to Federal Circuit Rule 36 (“Rule 36”).
The majority concludes that the district court misconstrued various claim terms from three TecSec, Inc. patents. It reaches this conclusion notwithstanding that the same claim terms, same constructions, same arguments, and same summary judgment order were previously before this court and reviewed on January 9, 2012. See TecSec, Inc. v. Int’l Bus. Mach. Corp. (“TecSec I ”), 466 Fed.Appx. 882 (Fed.Cir.2012). In TecSec I, this court summarily affirmed the district court’s grant of summary judgment of noninfringement pursuant to Rule 36. Id. After TecSec lost its case against IBM, and without offering any additional evidence against the other defendants now before us, TecSec stipulated to noninfringement and has once again appealed the same district court’s claim constructions to this court. I respectfully dissent because I believe that entertaining this appeal gives TecSec a second bite at the apple and undermines the utility of Rule 36.
I.
Rule 36 allows this court to “enter a judgment of affirmance without opinion” under specific circumstances.[1] Because there is no opinion, a Rule 36 judgment simply affirms the prior tribunal’s judgment. Rates Tech., Inc. v. Mediatrix Telecom, Inc., 688 F.3d 742, 751 (Fed.Cir.2012). It does not endorse or sustain any specific part of the prior tribunal’s reasoning, but it does impart finality on issues underlying the district court’s judgment at least as it relates to “claim preclusion, issue preclusion, judicial estoppel, law of the case, and the like.” Id. (quoting Fed. Cir. R. 32.1(c)); see also Fed. Cir. Internal Operating Procedure 9 ¶ 8 (Nov. 14, 2008).
Rule 36 is premised, in part, on the recognition that “[t]he workload of the appellate courts precludes preparation of precedential opinions in all cases.” Fed. Cir. Internal Operating Procedure 10 ¶ 1 (Jul. 7, 2010). Indeed, unnecessary non-precedential dispositions with full opinions only impede the rendering of decisions and delay the preparation of precedential opinions in cases that merit such effort. See id.
This is not to say that there is no value in a Rule 36 judgment. “Appeals whose judgments are entered under Rule 36 receive the full consideration of the court, and are no less carefully decided than the cases in which we issue full opinions.” *1351 U.S. Surgical Corp. v. Ethicon, Inc., 103 F.3d 1554, 1556 (Fed.Cir.1997). I have no reason to doubt that this court in TecSec I gave the appeal before it its full consideration and attention. Based on these propositions, I am troubled by the majority’s decision to reach the claim construction issues on this appeal.
The majority reasons that the district court’s judgment in TecSec I could have been affirmed on multiple grounds — failure of proof of an act of infringement by IBM or its customers or, alternatively, failure to show that IBM’s accused machines meet the claim limitations as construed. The majority therefore reasons that this court’s Rule 36 affirmance in TecSec I has no preclusive effect, either under the mandate rule or collateral estoppel and, in so concluding, it ignores that implicit in its reasoning is the false premise that claim construction is not a necessary part of a noninfringement determination.
An act of infringement occurs when all the elements of a claimed product or method are met by the accused device or process. See Akamai Techs., Inc. v. Limelight Networks, Inc., 692 F.3d 1301, 1337-38 (Fed.Cir.2012) (en banc) (Linn, J., dissenting) (“[T]he existence of an act of direct infringement under [35 U.S.C.] § 271(a), [requires] that all steps of a claimed method be practiced.... ”). This is the familiar “all elements” rule.[2] Our cases hold that before the “all elements” rule can be deployed, however, the claims must first be construed. Specifically, an “[evaluation of a summary judgment of noninfringement requires two steps: claim construction ... and comparison of the prpperly construed claims to the accused product....” Abbott Labs. v. Sandoz, Inc., 566 F.3d 1282, 1288 (Fed.Cir.2009); Markman v. Westview Instruments, Inc., 52 F.3d 967, 976 (Fed.Cir.1995) (en banc), aff'd, 517 U.S. 370, 116 S.Ct. 1384, 134 L.Ed.2d 577 (1996); see also Baron Servs. v. Media Weather Innovations LLC, 717 F.3d 907, 914 n. 13 (Fed.Cir.2013) (“A determination of patent infringement, even on summary judgment, requires a two-step analysis, the first of which is claim construction.”). Claim construction and sufficiency of the evidence showing an act of infringement are not alternative grounds on which to find noninfringement. They are part of a singular analysis. Baron, 717 F.3d at 914 (“[A] district court should not avoid construing relevant terms in the asserted claims as part of its infringement analysis.”). Only after the claims are properly construed can the court determine that there is no evidence of an act of infringement when there has been no showing that the accused products meet all of the limitations of the properly construed claims. See Burke, Inc. v. Bruno Indep. Living Aids, Inc., 183 F.3d 1334, 1338 (Fed.Cir.1999). It is during this second *1352 step of the infringement analysis that the “all elements” rule is deployed to determine whether there has been an act of infringement. See supra note 2.
In this case, the district court’s summary judgment opinion follows the proper infringement analysis. First, the court construed the claims of TecSec’s patents to determine their meaning and scope. TecSec, Inc. v. Int’l Bus. Mach. Corp., 769 F.Supp.2d 997, 1003-09 (E.D.Va.2011); see Cordis Corp. v. Boston Sci. Corp., 658 F.3d 1347, 1354 (Fed.Cir.2011). Second, the district court determined whether the evidence offered by TecSec, which compared the claims to the accused products, raised a triable issue of material fact. TecSec, 769 F.Supp.2d at 1010-22; see Computer Docking Station Corp. v. Dell, Inc., 519 F.3d 1366, 1373 (Fed.Cir.2008). Given that this court affirmed (under Rule 36) the district court’s judgment as based on findings that were not clearly erroneous, that the record supported summary judgment, and that the judgment was entered without an error of law, the district court’s claim construction must have been critical and necessary to the decision to issue the Rule 36 affirmance. See Fed. Cir. R. 36(a), (c), (e); cf. Burke, 183 F.3d at 1338 (“Summary judgment should ordinarily be vacated or reversed, however, if it is based on a claim construction that this court determines to be erroneous.”).
Despite the district court’s two-step infringement analysis, the majority suggests that the district court could have found either a failure of proof of an act of infringement, or alternatively, no infringement under “conventional rules of infringement” where the properly construed claims are compared to the accused products. Maj. Op. 1342-43 n. 1. In order to find a failure of proof of an act of infringement, the district court, under the “all elements” rule, needed to identify a missing element or elements from the accused products.[3] DeMarini, 239 F.3d at 1331. The majority points to a portion of the district court’s opinion, which it asserts is a separate, independent determination of failure of proof. The majority, however, overlooks the fact that the district court identifies only two missing elements from the accused products in that section and the reasoning that the district court gives for why those elements are missing is that the accused products lack those limitations under its own claim construction, which is the second step in a traditional infringement analysis. TecSec, 769 F.Supp.2d at 1011 (“[The accused products] cannot infringe the [asserted patents] because ... those products alone are not capable of encrypting and decrypting the same object, as is required by the [the district court’s construction]. See infra at III. B.3.C”); id. at 1012 (“[E]ven if some user-implemented system were to meet all of the asserted claim limitations-which, as explained below, it cannot, see infra at III. B.3, TecSec has provided no evidence that IBM ever made, used, sold, offered to sell, or imported th[e] entire claimed system .... ”). Rather than being a separate, independent analysis, the district court’s description of TecSec’s failure of proof is merely the second step of its infringement analysis after the claims were construed in the first step.
This court previously refused to affirm summary judgment of noninfringement where the district court did not perform a “traditional infringement analysis” when it “did not conduct the first step of that *1353 analysis — construing the disputed claim language” — even though the accused in-fringer alternatively asserted that there was a failure of proof on infringement. See Eagle Comtronics, Inc. v. Arrow Commc’n Labs., Inc., 305 F.3d 1303, 1317 (Fed.Cir.2002). It follows that a failure of proof of an act of infringement is not an alternative to “conventional rules of infringement,” but rather constitutes the second step of a traditional infringement analysis performed after the court completes the first necessary step of construing the claims.
II.
Having concluded that the district court’s claim construction was critical and necessary to our prior Rule 36 affirmance, it is a straightforward step for me to conclude that TecSec is precluded from relit-igating those issues it lost on in TecSec I. This outcome holds true under either the mandate rule or collateral estoppel.
According to the mandate rule, “[u]nless remanded by this court, all issues within the scope of the appealed judgment are deemed incorporated within the mandate and thus are precluded from further adjudication.” Engel Indus., Inc. v. Lockformer Co., 166 F.3d 1379, 1383 (Fed.Cir.1999). Specifically, “issues actually decided— those within the scope of the judgment appealed from, minus those explicitly reserved or remanded by the court — are foreclosed from further consideration.” Id.
Here, the majority reasons that the claim construction issues were not “actually decided” because the TecSec I panel could have affirmed on the “independent” ground of failure of proof without “implicitly or explicitly” reaching the claim construction issues. This reasoning is contrary to our precedent that claim construction and evaluation of the evidence to determine a failure of proof are not independent grounds; they are two steps necessary to reach a single noninfringement judgment. E.g., Abbott Labs., 566 F.3d at 1288. Accordingly, the claim construction issues that TecSec advanced in TecSec I are within the scope of the Rule 36 affirmance in that case, and the mandate rule precludes TecSec from re-litigating them in this appeal.
For collateral estoppel, the majority disputes whether the claim construction issues were “actually determined” and “critical and necessary to the judgment.” Yet, there is no question that the district court actually determined the claim construction issues in TecSec I. See TecSec, 769 F.Supp.2d at 1003-09. For the TecSec I panel to have affirmed the district court’s judgment of noninfringement, it necessarily decided those issues as well or, at a minimum, the claim construction issues were critical and necessary to the affir-mance of the district court’s summary judgment decision. See Abbott Labs., 566 F.3d at 1288. Thus, I find that collateral estoppel precludes TecSec from relitigat-ing the claim construction issues it lost in TecSec I on appeal before this court.
As a practitioner, I once bore distaste for Rule 36 affirmances.' I accepted that under a Rule 36 judgment, one party lost and another won, and that the decision of the district court was deemed not erroneous. What bothered me was that the “how” and the “why” behind the affir-mance, the actual reasoning that would enable me to assist and guide a client, was lacking. The court’s silence on its analysis and reasoning thundered loudly.
As a judge on this court, I fully understand and appreciate the role of Rule 36 judgments in the overall process of our work. And it is precisely this understanding that triggers my dissent in this case. When we explicitly or implicitly assume that a prior panel of this court overlooked *1354 controlling precedent and narrowly circumscribe a prior judgment issued under Rule 36, we fail to honor the principle that those cases “receive the full consideration of the court, and are no less carefully decided than the cases in which we issue full opinions.” U.S. Surgical, 103 F.3d at 1556. Allowing a party to relitigate an issue it previously lost by summary affir-mance will erode the confidence that underpins Rule 36, that such cases are no less carefully reviewed. Perhaps, as I once believed, this court should revisit its frequent use of Rule 36. Yet, that would be a drastic step, and would only impede the rendering of decisions and delay the preparation of precedential opinions in cases that merit such effort. A far better course would be to accord Rule 36 affir-mances their appropriate weight, see Rates Tech., 688 F.3d at 751, and apply the preclusion doctrines that would prevent second bites at the apple. The majority’s disposition in this case allows TecSec two bites at the claim construction apple. Accordingly, I respectfully dissent.

. Rule 36 is as effective as it is simple:
ENTRY OF JUDGMENT — JUDGMENT OF AFFIRMANCE WITHOUT OPINION The court may enter a judgment of affir-mance without opinion, citing this rule, when it determines that any of the following conditions exist and an opinion would have no precedential value:
(a) the judgment, decision, or order of the trial court appealed from is based on findings that are not clearly erroneous;
(b) the evidence supporting the jury’s verdict is sufficient;
(c) the record supports summary judgment, directed verdict, or judgment on the pleadings;
(d) the decision of an administrative agency warrants affirmance under the standard of review in the statute authorizing the petition for review; or
(e) a judgment or decision has been entered without an error of law.
Fed. Cir. R. 36.

. Under the "all elements” rule, the accused device must contain each limitation of the claim, either literally or by an equivalent, to . be infringing. TIP Sys., LLC v. Phillips & Brooks/Gladwin, Inc., 529 F.3d 1364, 1379 (Fed.Cir.2008) (quoting Freedman Seating Co. v. Am. Seating Co., 420 F.3d 1350, 1358 (Fed.Cir.2005)). Most often, the "all elements” rule serves to prevent vitiation of a claim limitation when the infringement theory is based on the doctrine of equivalents, but that is not the case here. Trading Techs. Int'l, Inc. v. eSpeed, Inc., 595 F.3d 1340, 1355 (Fed.Cir.2010) (quoting in Warner-Jenkinson Co., Inc. v. Hilton Davis Chemical Co., 520 U.S. 17, 39 n. 8, 117 S.Ct. 1040, 137 L.Ed.2d 146 (1997)); see also TIP, 529 F.3d at 1379; Freedman, 420 F.3d at 1358; Pennwalt Corp. v. Durand-Wayland, Inc., 833 F.2d 931, 949-50 (Fed.Cir.1987) (en banc) (Nies, J., additional views). Relevant to this case, literal infringement "occurs when every limitation recited in the claim appears in the accused device, i.e., when 'the properly construed claim reads on the accused device exactly.’ ” DeMarini Sports v. Worth, 239 F.3d 1314, 1331 (Fed.Cir.2001) (quoting Amhil Enters., Ltd. v. Wawa, Inc., 81 F.3d 1554, 1562 (Fed.Cir.1996)).

. This is not a case in which the district court intimated that there had been a failure of proof irrespective of which constructions it adopted. Instead, the district court rejected TecSec's proposed constructions initially and made no mention of them in its failure of proof analysis.