NOTE: This disposition is nonprecedential.

# United States Court of Appeals for the Federal Circuit

---

**R.K., L.K., ON BEHALF OF, A.K., A MINOR,**
*Petitioners-Appellants*

**v.**

**SECRETARY OF HEALTH AND HUMAN SERVICES,**
*Respondent-Appellee*

---

2018-1738

---

Appeal from the United States Court of Federal Claims in No. 1:03-vv-00632-SGB, Senior Judge Susan G. Braden.

---

Decided: March 15, 2019

---

JOHN FRANCIS MCHUGH, Law Office of John McHugh, New York, NY, argued for petitioners-appellants.

HEATHER LYNN PEARLMAN, Vaccine/Torts Branch, Civil Division, United States Department of Justice, Washington, DC, argued for respondent-appellee. Also represented by JOSEPH H. HUNT, C. SALVATORE D'ALESSIO, GABRIELLE M. FIELDING, CATHARINE E. REEVES.

---

Before PROST, *Chief Judge,* LOURIE and STOLL, *Circuit Judges.*

STOLL, *Circuit Judge.*

## BACKGROUND

In 2003, Robert and Lori Krakow filed a petition on behalf of their son, A.K., for compensation under the National Childhood Vaccine Injury Act. They alleged that two pediatric doses of influenza vaccine caused A.K.'s severe developmental issues (diagnosed as autism spectrum disorder). Special Master Vowell held an entitlement hearing on April 30, 2013, and issued a decision denying entitlement on September 28, 2015. In an exhaustive opinion, Special Master Vowell discussed a multitude of factual issues and concluded that causation was not established by preponderant evidence. The Court of Federal Claims denied the Krakows' motion for review on December 18, 2015. The Krakows then appealed to this court, arguing (1) that the arbitrary and capricious standard used by this court to review factual findings in Vaccine Act cases is unconstitutional, and (2) that they had demonstrated causation under any standard of review. On December 9, 2016, we affirmed the judgment of the Court of Federal Claims under Federal Circuit Rule 36. *R.K. v. Sec'y of Health & Human Servs.,* 671 F. App'x 792 (Fed. Cir. 2016).

While the case was proceeding, the Krakows were awarded interim attorneys' fees and costs totaling $459,108.12. This amount covered work performed through the April 30, 2013 entitlement hearing. On May 15, 2017, the Krakows filed a motion for final attorneys' fees and costs, requesting an additional $683,926.13 for work performed between the conclusion of the entitlement hearing and the filing of the fee motion. The request included fees and costs associated with post-hearing motions, the motion for review before the Court of Federal Claims, the appeal to this court, and the fee request motion.

On August 31, 2017, a second special master issued his decision awarding $225,702.10 in fees and costs. *R.K. v. Sec'y of Health & Human Servs.*, No. 03-vv-632 (Fed. Cl. Spec. Mstr. Aug. 31, 2017) ("Fee Decision"). The special master found that the Krakows' appeal of the entitlement decision to this court lacked a reasonable basis and thus declined to award any fees and costs associated with that appeal.[1] *Id.* at 9. Specifically, he determined that the Krakows' constitutional challenge to this court's arbitrary and capricious standard of review had no reasonable basis. *Id.* at 8. He also determined that the Krakows' challenge to Special Master Vowell's factual findings, under any standard of review, was highly unlikely to be successful. *Id.* at 9. The Court of Federal Claims denied the Krakows' motion to review the special master's decision. *R.K. v. Sec'y of Health & Human Servs.*, No. 03-vv-632 (Fed. Cl. Jan. 26, 2018) ("Review Decision"). The Krakows then appealed to this court, arguing that their constitutional and factual challenges in the entitlement appeal had a reasonable basis. We have jurisdiction under 28 U.S.C. § 1295(a)(3) and 42 U.S.C. § 300aa-12(f).

## DISCUSSION

"Under the Vaccine Act, this court reviews a decision of the special master under the same standard as the Court of Federal Claims and determines if it is 'arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law.'" *Rodriguez v. Sec'y of Health & Human Servs.*, 632 F.3d 1381, 1383–84 (Fed. Cir. 2011) (quoting *Avera v. Sec'y of Health & Human Servs.*, 515 F.3d 1343, 1347 (Fed. Cir. 2008)). We review a special master's fact findings under the arbitrary and capricious standard. *Milik v. Sec'y of Health & Human Servs.*, 822 F.3d 1367, 1378–79 (Fed. Cir. 2016). "We review discretionary rulings under

---

[1] The special master also reduced the fee award for other reasons not at issue in this appeal.

the abuse of discretion standard." *Masias v. Sec'y of Health & Human Servs.*, 634 F.3d 1283, 1288 (Fed. Cir. 2011).

We agree with the Court of Federal Claims that the special master did not abuse his discretion in declining to award fees and costs associated with the Krakows' appeal of the entitlement decision to this court. *See Review Decision* at 10–11. A claim can lose its reasonable basis as the case progresses. *See Perreira v. Sec'y of Dep't of Health & Human Servs.*, 33 F.3d 1375, 1376–77 (Fed. Cir. 1994) (holding that an award of fees and costs was not authorized for work performed on a case after a claim lost its reasonable basis). Under the particular circumstances in this case, we cannot say that the special master erred in determining that a reasonable basis failed to exist after the Court of Federal Claims issued an opinion finding no error with the special master's factual findings and weighing of the evidence.

It was reasonable for the special master to determine that the Krakows' challenge to Special Master Vowell's factual findings lacked a reasonable basis in light of this court's highly deferential standard of review and Special Master Vowell's exhaustive 219-page opinion assessing and weighing the evidence. It was also reasonable for the special master to determine that the Krakows' constitutional challenge of this court's arbitrary and capricious standard of review had no reasonable basis. This court's *Milik* decision addresses this very argument and issued seven days prior to the filing of the opening brief in the entitlement appeal. *See* Brief for Petitioners-Appellants, *R.K. v. Sec'y of Health & Human Servs.*, 2016 WL 3090232 (Fed. Cir. May 27, 2016). In *Milik*, this court confirmed that the arbitrary and capricious standard—which this court had applied for 25 years—was the correct standard to apply when reviewing factual findings in Vaccine Act cases. 822 F.3d at 1378–79. It is undisputed that the Krakows were aware of the *Milik* holding and nonetheless continued to raise their constitutional challenge on appeal.

While we conclude that the special master did not abuse his discretion here, we disagree with the special master's statement that a Rule 36 affirmance by this court constitutes "*some* evidence that petitioner's appeal lacked a reasonable basis in the first instance." *Fee Decision* at 8. A Rule 36 affirmance does not speak at all to whether a claim had a reasonable basis. It "simply confirms that the trial court entered the correct judgment." *Rates Tech., Inc. v. Mediatrix Telecom, Inc.*, 688 F.3d 742, 750 (Fed. Cir. 2012). It was thus inappropriate for the special master to factor in this court's Rule 36 judgment when deciding whether the entitlement appeal had a reasonable basis. Because the special master acknowledged that this factor was not dispositive, however, we deem this error harmless.

We do not hold that all appeals to this court challenging a special master's factual findings lack a reasonable basis. We conclude only that, in this particular case, the special master did not abuse his discretion in declining to award fees and costs associated with the entitlement appeal to this court.

CONCLUSION

We affirm the judgment of the Court of Federal Claims.

**AFFIRMED**

COSTS

No costs.