# United States Court of Appeals for the Federal Circuit

---

**VIRNETX INC.,**
*Appellant*

**v.**

**APPLE, INC.,**
*Appellee*

---

2017-2490, 2017-2494

---

Appeals from the United States Patent and Trademark Office, Patent Trial and Appeal Board in No. IPR2016-00331.

---

Decided: December 10, 2018

---

IGOR VICTOR TIMOFEYEV, Paul Hastings LLP, Washington, DC, argued for appellant. Also represented by NAVEEN MODI, STEPHEN BLAKE KINNAIRD, JOSEPH PALYS, MICHAEL WOLFE, DANIEL ZEILBERGER.

JOHN C. O'QUINN, Kirkland & Ellis LLP, Washington, DC, argued for appellee. Also represented by NATHAN S. MAMMEN; SCOTT BORDER, JEFFREY PAUL KUSHAN, Sidley Austin LLP, Washington, DC.

---

Before NEWMAN, O'MALLEY, and CHEN, *Circuit Judges.*

O'MALLEY, *Circuit Judge.*

VirnetX Inc. ("VirnetX") appeals from two final written decisions of the Patent Trial and Appeal Board ("Board") finding that Apple Inc. ("Apple") had demonstrated by a preponderance of the evidence that claims 1–11, 14–25, and 28–30 of U.S. Patent No. 8,504,696 ("the '696 patent") were unpatentable as obvious. *VirnetX Inc. v. Apple Inc.*, No. IPR2016-00331 (P.T.A.B. June 22, 2017) ("*331 Board Decision*"); *VirnetX Inc. v. Apple Inc.*, No. IPR2016-00332 (P.T.A.B. June 22, 2017) ("*332 Board Decision*"). Because VirnetX is collaterally estopped from relitigating the threshold issue of whether prior art reference RFC 2401[1] was a printed publication and because VirnetX did not preserve the only remaining issue of whether inter partes review procedures apply retroactively to patents that were filed before Congress enacted the America Invents Act ("AIA"), we affirm.

## I. PROCEDURAL HISTORY

In December 2015, Apple filed two petitions for inter partes review of the '696 patent. In the first petition, Apple challenged claims 1–11, 14–25, and 28–30 as obvious over U.S. Patent No. 6,496,867 and RFC 2401. In the second petition, Apple challenged these same claims, except claim 29, as obvious over various other combinations also involving RFC 2401. The Board instituted inter partes review in both proceedings. VirnetX filed patent owner responses in which it argued, as a threshold matter, that RFC 2401 was not a printed publication under § 102(b) as of November 1998. In its final written deci-

---

[1] S. Kent & R. Atkinson, "RFC 2401, Security Architecture for the Internet Protocol" (November 1998) (J.A. 2268).

sions, the Board found that RFC 2401 was a printed publication and concluded that the '696 patent was unpatentable as obvious. VirnetX appeals.

During the pendency of VirnetX's appeal in this case, this court decided *VirnetX Inc. v. Apple, Inc.*, No. 17-1131, 715 F. App'x 1024 (Fed. Cir. Mar. 16, 2018) ("*VirnetX I*"). In *VirnetX I*, VirnetX appealed seven final written decisions in which the Board found that RFC 2401, in combination with other references, rendered obvious a number of patents related to the '696 patent. In relevant part, VirnetX argued to the Board that RFC 2401 was not a printed publication as of November 1998. The Board disagreed. On March 16, 2018, we summarily affirmed the Board's decisions pursuant to Federal Circuit Rule 36. *VirnetX I*, 715 F. App'x at 1024.

After the mandate issued in *VirnetX I*, Apple submitted a notice of supplemental authority in this case, notifying the court of the relevance of our Rule 36 judgment in *VirnetX I* to the present appeal. The issue was also discussed by the parties during oral argument. According to Apple, VirnetX is collaterally estopped by our judgment in *VirnetX I* from relitigating the printed publication issue. VirnetX responds that it is not collaterally estopped, and, even if it were, such a finding would not resolve all issues in this appeal because VirnetX preserved a separate constitutional challenge in its opening brief. We have jurisdiction pursuant to 28 U.S.C. § 1295(a)(4).

## II. DISCUSSION

A party is collaterally estopped from relitigating an issue if:

> (1) a prior action presents an identical issue; (2) the prior action actually litigated and adjudged that issue; (3) the judgment in that prior action necessarily required determination of the identi-

cal issue; and (4) the prior action featured full representation of the estopped party.

*Stephen Slesinger, Inc. v. Disney Enterprises, Inc.*, 702 F.3d 640, 644 (Fed. Cir. 2012). Collateral estoppel or "issue preclusion applies where the[se] . . . [elements] of collateral estoppel are carefully observed." *B & B Hardware, Inc. v. Hargis Indus., Inc.*, 135 S. Ct. 1293, 1306 (2015) (quotations omitted). This is no different in the context of a Rule 36 judgment. *Phil-Insul Corp. v. Airlite Plastics Co.*, 854 F.3d 1344, 1356 (Fed. Cir. 2017). While not all Rule 36 judgments will "satisfy those ordinary elements, that does not mean none will." *See B & B Hardware*, 135 S. Ct. at 1306. Accordingly, we have held that a Rule 36 judgment may serve as a basis for collateral estoppel so long as these elements—including the element that the resolution of the issue was essential or necessary to the Rule 36 judgment—are carefully observed. *Phil-Insul*, 854 F.3d at 1356–57.

Here, Apple is correct that VirnetX is collaterally estopped by our Rule 36 judgment in *VirnetX I* from relitigating the question of whether RFC 2401 was a printed publication. The parties dispute only the question of whether the issue was necessary or essential to the judgment in *VirnetX I*. We find that it was. Each ground of unpatentability that VirnetX appealed in *VirnetX I* relied on RFC 2401. Even VirnetX conceded during oral argument that the printed publication issue was a threshold issue in *VirnetX I*. *See* Oral Arg. at 5:04, http://oralarguments.cafc.uscourts.gov/default.aspx?fl= 2017-2490.mp3 ("[T]he finding that RFC 2401 was a printed publication was indeed a threshold issue [in *VirnetX I*] *so I think, under that analysis, the court would have addressed that question*." (emphasis added)). Indeed, in three of the seven final written decisions appealed in *VirnetX I*, the *only* issue raised was whether RFC 2401 was a printed publication. Accordingly, by affirming all seven of the Board's decisions, this court in *VirnetX I*

necessarily found that RFC 2401 was a printed publication. Therefore, VirnetX is collaterally estopped by our Rule 36 judgment in *VirnetX I* from relitigating the issue in this appeal.

Even if VirnetX were not collaterally estopped, we would affirm the Board's conclusion that RFC 2401 was a printed publication as of November 1998. This is because, as VirnetX admits, "this appeal presents a similar record with respect to RFC 2401's status as a printed publication as [*VirnetX I*]," and thus, if we reached the merits, we would be "likely to reach the same conclusion in this appeal as [we] did in [*VirnetX I*]." VirnetX's Resp. to Apple's Notice, ECF No. 43.

VirnetX next argues that RFC 2401's status as a printed publication is not dispositive of all issues raised in this appeal because it preserved in its opening brief the separate issue of whether inter partes review procedures apply retroactively to patents that were filed before Congress enacted the AIA. To demonstrate that it preserved this issue, VirnetX points to a single paragraph in its Opening Brief, filed prior to the Supreme Court's decision in *Oil States Energy Services, LLC v. Greene's Energy Group, LLC*, 138 S. Ct. 1365 (2018). In this paragraph, VirnetX asks this court to "set aside the Board's IPR decision" "[i]f the Supreme Court decides[, in *Oil States*,] that the Seventh Amendment and Article III of the Constitution preclude the Board from invalidating patents through IPR proceedings." Appellant's Br. at 54. This paragraph explicitly raises the specific question later decided in *Oil States* of whether the "IPR process violates the Constitution by extinguishing private property rights through a non-Article III forum without a jury." Appellant's Br. at 54 (internal quotations omitted). And, under a very generous reading, the paragraph also arguably raises a *general* challenge under the Seventh Amendment. But, we find that it in no way provides any arguments specifically preserving the retroactivity issue.

Indeed, VirnetX conceded at oral argument that it "didn't specifically brief" the retroactivity issue. *See* Oral Arg. at 18:01, http://oralarguments.cafc.uscourts.gov/default.aspx?fl=20 17-2490.mp3. It attempts to justify this failure by arguing that our precedent prior to *Oil States* generally upheld the constitutionality of inter partes review proceedings and thus, foreclosed the argument. But we have never decided this issue, and, even if we had, VirnetX never sought to provide supplemental briefing or to otherwise develop this argument following the Supreme Court's decision in *Oil States*. Rather, VirnetX insists it preserved this issue by way of a single, generic paragraph. It did so only after Apple filed its notice of supplemental authority identifying our Rule 36 judgment in *VirnetX I*, which VirnetX acknowledges significantly weakens an otherwise dispositive issue in this appeal.[2] All of this suggests that VirnetX's insistence is likely less than sincere. Thus, we conclude that VirnetX did not preserve the issue of whether inter partes review procedures apply retroactively to patents that were filed before Congress enacted the AIA and that, therefore, our conclusion that VirnetX is collaterally estopped from raising the printed publication issue resolves all other issues in this appeal.[3]

---

[2] Despite acknowledging this, VirnetX chose to pursue this appeal through oral argument. But on November 28, 2018, VirnetX filed an opposed motion to dismiss this appeal in which it expressly admitted for the first time that our Rule 36 judgment in *VirnetX I* has collateral estoppel effect in this case and any future cases in which this issue is raised. We denied the motion.

[3] The other issues VirnetX raises on appeal are issues appealed from the *332 Board Decision*. Our finding of collateral estoppel disposes of those issues even though

CONCLUSION

Because VirnetX is collaterally estopped from raising a threshold question in this case and because that issue is dispositive of all issues preserved on appeal, we affirm the Board's conclusion that claims 1–11, 14–25, and 28–30 of the '696 patent were unpatentable as obvious.

**AFFIRMED**

COSTS

Costs to Appellee.

---

they do not relate to RFC 2401 or to its status as a printed publication. This is because, in the *331 Board Decision*, the Board found unpatentable every claim that it found unpatentable in the *332 Board Decision*. And, the only issue VirnetX appeals from the *331 Board Decision* is the printed publication issue, which we now uphold. Because we affirm the Board's ultimate conclusion in the *331 Board Decision* that the challenged claims are unpatentable as obvious, we need not address any additional issues VirnetX raises in its appeal from the *332 Board Decision* regarding those same claims.