NOTE: This disposition is nonprecedential.

# United States Court of Appeals for the Federal Circuit

_____

**INNOVATION SCIENCES, LLC, FKA VIRGINIA INNOVATION SCIENCES, INC.,**
*Plaintiff-Appellant*

**v.**

**AMAZON.COM, INC.,**
*Defendant-Appellee*

_____

2020-1639

_____

Appeal from the United States District Court for the Eastern District of Virginia in No. 1:16-cv-00861-LO-MSN, Judge Liam O'Grady.

_____

Decided:  January 5, 2021

_____

DONALD LEE JACKSON, Davidson Berquist Jackson & Gowdey, LLP, McLean, VA, for plaintiff-appellant.  Also represented by JAMES DANIEL BERQUIST, WALTER D. DAVIS, JR.

J. DAVID HADDEN, Fenwick & West, LLP, Mountain View, CA, for defendant-appellee.  Also represented by SAINA S. SHAMILOV, RAVI RAGAVENDRA RANGANATH;

JEFFREY A. WARE, Seattle, WA; TODD RICHARD GREGORIAN, San Francisco, CA.

————————————

Before LOURIE, SCHALL, and MOORE, *Circuit Judges.*

PER CURIAM.

Innovation Sciences, LLC ("Innovation") appeals from a decision of the United States District Court for the Eastern District of Virginia awarding attorney fees to Amazon.com, Inc. ("Amazon"). *See Innovation Scis., LLC v. Amazon.com, Inc.*, No. 1:16-cv-00861, 2020 WL 4934272 (E.D. Va. Feb. 18, 2020) ("*Fees Decision*"). We *affirm*.

## BACKGROUND

This appeal marks the third time this case has come before this court. In its original complaint, Innovation accused Amazon of infringing eleven patents. The district court held that eight of those patents ("the '492 patent family") were directed to subject matter ineligible under 35 U.S.C. § 101. *Va. Innovation Scis., Inc. v. Amazon.com, Inc.*, 227 F. Supp. 3d 582 (E.D. Va. 2017) ("*101 Decision*"). We affirmed without opinion pursuant to Federal Circuit Rule 36. *See Va. Innovation Scis., Inc. v. HTC Corp.*, 718 F. App'x 988 (Fed. Cir. 2018).

The remaining three patents—U.S. Reissue Patent 46,140 ("the '140 patent"), U.S. Patent 9,369,844 ("the '844 patent"), and U.S. Patent 8,135,398 ("the '398 patent")— proceeded to claim construction. After claim construction, Innovation stipulated to noninfringement of the asserted claims of the '844 patent, the district court granted summary judgment of noninfringement of the asserted claims of the '398 patent, and the district court found that the asserted claim of the '140 patent was directed to subject matter ineligible under 35 U.S.C. § 101. *See Va. Innovation Scis., Inc. v. Amazon.com, Inc.*, No. 1:16-cv-00861, 2017 WL 11500121 (E.D. Va. Dec. 22, 2017). Amazon moved for

attorney fees pursuant to 35 U.S.C. § 285, but the court declined to consider the motion until appeals were exhausted. *See Fees Decision*, 2020 WL 4934272, at *1.

Innovation appealed the district court's claim construction and summary judgment orders. We affirmed on all issues relating to the '398 and '140 patents. *See Innovation Scis., LLC v. Amazon.com Inc.*, 778 F. App'x 859, 871 (Fed. Cir. 2019). Regarding the '844 patent, we affirmed three of the four disputed claim constructions, reversed the remaining construction, and remanded the case because "the stipulation d[id] not specify whether our affirmance of all but one of the appealed constructions [wa]s dispositive." *Id.* On remand, Innovation stipulated to dismissal.

Once the deadline passed for Innovation to petition the Supreme Court for a writ of certiorari, Amazon renewed its motion for attorney fees. The district court granted Amazon's motion. The court found that this was an exceptional case. *Fees Decision*, 2020 WL 4934272, at *2. Specifically, the court found that "Innovation's lawsuit was substantively weak before claim construction," and "[f]ollowing the *Markman* hearing, . . . each claim was baseless." *Id.* The court thus concluded:

> Innovation's litigation positions were so substantively weak after the claim construction occurred that this case stands out from others. First, Innovation should have known each of its claims had become baseless upon issuance of the *Markman* order. Second, continuing to litigate each claim was objectively unreasonable.

*Id.* at *3 (footnote omitted). Innovation appealed, and we have jurisdiction under 28 U.S.C. § 1295(a)(1).

DISCUSSION

A court "in exceptional cases may award reasonable attorney fees to the prevailing party." 35 U.S.C. § 285. An exceptional case is one that, under the totality of the

circumstances, "stands out from others with respect to the substantive strength of a party's litigating position" or "the unreasonable manner in which the case was litigated." *Octane Fitness, LLC v. ICON Health & Fitness, Inc.*, 572 U.S. 545, 554 (2014).

We review a district court's grant of attorney fees under 35 U.S.C. § 285 for abuse of discretion. *Highmark Inc. v. Allcare Health Mgmt. Sys., Inc.*, 572 U.S. 559, 561 (2014). Abuse of discretion is "a highly deferential standard of appellate review." *Bayer CropScience AG v. Dow AgroSciences LLC*, 851 F.3d 1302, 1306 (Fed. Cir. 2017). To meet that standard, the moving party must show that the district court has made "a clear error of judgment in weighing relevant factors or in basing its decision on an error of law or on clearly erroneous factual findings." *Mentor Graphics Corp. v. Quickturn Design Sys., Inc.*, 150 F.3d 1374, 1377 (Fed. Cir. 1998) (citing *A.C. Aukerman Co. v. R.L. Chaides Constr. Co.*, 960 F.2d 1020, 1039 (Fed. Cir. 1992) (en banc) abrogated on other grounds by *SCA Hygiene Prods. Aktiebolag v. First Quality Baby Prods.*, LLC, 137 S. Ct. 954 (2017)). "Because the district court lives with the case over a prolonged period of time, it is in a better position to determine whether a case is exceptional and it has discretion to evaluate the facts on a case-by-case basis." *Raniere v. Microsoft Corp.*, 887 F.3d 1298, 1308–09 (Fed. Cir. 2018) (citing *SFA Sys., LLC v. Newegg Inc.*, 793 F.3d 1344, 1351 (Fed. Cir 2015)). Thus, "[w]e generally 'give great deference to the district court's exercise of discretion in awarding fees.'" *ThermoLife Int'l LLC v. GNC Corp.*, 922 F.3d 1347, 1356 (Fed. Cir. 2019) (quoting *Energy Heating, LLC v. Heat On-The-Fly, LLC*, 889 F.3d 1291, 1307 (Fed. Cir. 2018)).

I

Innovation argues that the district court abused its discretion in finding the case exceptional. We disagree. We have held that a district court is "within the scope of its

discretion in finding [a] case to be exceptional based on the weakness of [a party's] § 101 arguments and the need to deter similarly weak arguments in the future." *See Inventor Holdings, LLC v. Bed Bath & Beyond, Inc.*, 876 F.3d 1372, 1377–78 (Fed. Cir. 2017). We have also frequently held that a case is exceptional when a party continues to litigate claims that have become baseless in view of a district court's claim construction opinion. *See, e.g., AdjustaCam, LLC v. Newegg, Inc.*, 861 F.3d 1353, 1360 (Fed. Cir. 2017); *Taurus IP, LLC v. DaimlerChrysler Corp.*, 726 F.3d 1306, 1326–29 (Fed. Cir. 2013). Based on those legal propositions, the district court did not abuse its discretion in finding this case exceptional.

Innovation asserted eleven patents against disparate technologies. Yet, eight of the patents, including more than two thirds of the asserted claims in the litigation, were held unpatentable on the pleadings. *See 101 Decision*, 227 F. Supp. 3d at 604–05. In holding those patents ineligible, the district court noted that the '492 patent family's "sweeping universe of preemption is its downfall." *Id.* at 595. The district court was within its discretion when it relied on that earlier finding to determine that the case was "weak at inception." *Fees Decision*, 2020 WL 4934272, at *2.

The district court did not stop there. Consistent with its obligation to consider the totality of the circumstances, the district court proceeded to consider the effects that the claim construction proceedings had on the remaining asserted claims. The court relied on the fact that Innovation was on notice from the claim construction opinion itself that the '140 patent was legally insufficient either as patent ineligible subject matter or because it lacked written description. *Id.* The court further relied on the fact that Innovation continued to rely on infringement theories for the '398 patent that were plainly inconsistent with two separate claim constructions. *Id.* at *3. And, for the '844 patent, the court relied on the fact that Innovation failed to articulate an infringement theory. *Id.* In fact, the court

relied on our observation that Innovation's lack of clarity regarding its infringement theory left us "with no choice but to remand" the case rather than affirm the final judgment. *Id.* On this record, we find no abuse of discretion in the district court's conclusion that "Innovation's litigation positions were so substantively weak after the claim construction occurred that this case stands out from others." *Id.*

## II

Before concluding, we must address one additional issue. In its responsive brief, Amazon argues:

> The Section 101 issue was not close: the district court noted that the '492 patent family claims "lacked any inventive concept and threatened a 'sweeping universe of preemption.'" *And this Court found the ruling uncontroversial enough to merit summary affirmance under Federal Circuit Rule 36.*

Appellee Br. 17. (emphasis added). To the extent that argument attempts to tie the fact of an earlier Rule 36 affirmance without opinion to the later imposition of sanctions by the district court, we hasten to urge caution. To be sure, we take no issue with Amazon arguing that, *in this case,* the § 101 question was not close. Moreover, as explained above, we find no abuse of discretion in the district court's reliance on the weakness of Innovation's § 101 positions to support an award of attorney fees. However, we categorically reject the implication of Amazon's argument that an affirmance by this court under Federal Circuit Rule 36 provides any information about whether a case was close, frivolous, or noncontroversial.

Federal Circuit Rule 36 allows the court to issue judgments of affirmance without issuing an opinion. Fed. Cir. R. 36. An affirmance issued under Rule 36 "simply confirms that the trial court entered the correct judgment."

*Rates Tech., Inc. v. Mediatrix Telecom, Inc.*, 688 F.3d 742, 750 (Fed. Cir. 2012).  In essence, the rule embodies a recognition of the reality that not every case has precedential value, and, especially in the context of Rule 36, not every case requires an opinion.  *United States Surgical Corp. v. Ethicon, Inc.*, 103 F.3d 1554, 1556 (Fed. Cir. 1997) ("The Rule permits the court to dispense with issuing an opinion that would have no precedential value, when the circumstances of the rule exist.").  The history of a litigation and appeal in such cases ought to leave little doubt why the decision of the lower tribunal was affirmed.

But, importantly, nothing in the rule or in our precedent suggests that a summary affirmance under Rule 36 is an indication that a case was meritless, frivolous, or even weak.  On the contrary, "[a]s we have explained on several occasions, '[a]ppeals whose judgments are entered under Rule 36 receive the full consideration of the court, and are no less carefully decided than the cases in which we issue full opinions.'" *Phil-Insul Corp. v. Airlite Plastics Co.*, 854 F.3d 1344, 1354 (Fed. Cir. 2017) (quoting *United States Surgical*, 103 F.3d at 1556).  Accordingly, while our affirmance of the patent ineligibility of the '492 patent family confirmed that the district court correctly decided that issue in this case, the fact that we decided to affirm without opinion under Rule 36 has no bearing on the strength or weakness of Innovation's position or, ultimately, on whether Amazon should be entitled to attorney fees.

## CONCLUSION

We have considered Innovation's remaining arguments but we find them unpersuasive.  We therefore *affirm* the district court's decision to award attorney fees.

## **AFFIRMED**

## COSTS

Costs to Amazon.